**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                    Case No. 09-CR-20280

ALI DARWICH D-4,

    Defendant.
_____/

**ORDER DIRECTING DEFENDANT TO CEASE FILING PRO SE DOCUMENTS
WHILE REPRESENTED BY COUNSEL**

On November 18, 2010, the court conducted an on-the-record status conference, at which time the court confirmed with Defendant Ali Darwich that he wishes to remain represented by counsel and does not wish to proceed pro se.

As the court explained to Defendant at the conference, and as has been explained in previous orders (*See* 11/04/10 Order; 11/12/10 Order), Defendant is not entitled to represent himself while simultaneously represented by counsel. A criminal defendant has the right to appear pro se or by counsel, a right protected by both the Sixth Amendment to the United States Constitution and federal statute. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ."); *see also Faretta v. California*, 422 U.S. 806, 807, 832 (1975); *United States v. Daniels*, 572 F.2d 535, 540 (5th Cir. 1978); *Ennis v. LeFevre*, 560 F.2d 1072, 1075 (2nd Cir. 1977); *United States v. Williams*, 534 F.2d 119, 123 (8th Cir. 1976). This right, however, is disjunctive; thus a party may chose *either* to represent himself or to appear through an attorney. There is no right to "hybrid"

representation that would result in simultaneous or alternating self-representation and representation by counsel. As the Sixth Circuit has stated:

> The right to defend pro se and the right to counsel have been aptly described as "two faces of the same coin," in that waiver of one right constitutes a correlative assertion of the other. While it may be within the discretion of a District Court to permit both a criminal defendant and his attorney to conduct different phases of the defense in a criminal trial, for purposes of determining whether there has been a deprivation of constitutional rights a criminal defendant cannot logically waive or assert both rights.

*United States v. Mosely,* 810 F.2d 93, 97 (6th Cir. 1987) (citing *United States v. Conder*, 423 F.2d 904, 908 (6th Cir. 1970)). Put simply, a person represented by counsel must rely upon that counsel. *See, e.g.*, *United States v. Olson*, 576 F.2d 1267, 1269-70 (8th Cir. 1978); *Daniels*, 572 F.2d at 540; *Ennis*, 560 F.2d at 1075; *Williams*, 534 F.2d at 123; *United States v. Hill*, 526 F.2d 1019, 1024-25 (10th Cir. 1975). In light of this case law, the court will only accept motions filed by Defendant's attorney of record.

Despite having explained this to Defendant on previous occasions, Defendant continues to file pro se motions. The court now explicitly orders Defendant to cease filing pro se documents and that any further attempts to do so will be interpreted by the court as deliberately acting in direct contravention of a court order. Accordingly,

IT IS ORDERED that Defendant is DIRECTED to cease filing any pro se motions in this criminal matter while represented by counsel. Any pro se filing filed by Defendant in this case while represented by counsel will be stricken by the court. If, at any time, Defendant wants to sever the attorney relationship with his current counsel,

he may so inform his counsel who, as an officer of the court, will file the appropriate motion.

                         S/Robert H. Cleland
                         ROBERT H. CLELAND
                         UNITED STATES DISTRICT JUDGE

Dated: November 22, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 22, 2010, by electronic and/or ordinary mail.

                         S/Lisa Wagner
                         Case Manager and Deputy Clerk
                         (313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\09-20280.DARWICH.NoHybridFilingsRepresented.wpd

3